

**Saiber**
ATTORNEYS AT LAW

Saiber LLC
One Gateway Center · 13th Floor
Newark, New Jersey · 07102-5311

Tel 973.622.3333 · Fax 973.622.3349

www.saiber.com

New York | Atlantic City | Point Pleasant Beach

Direct Dial Number:
(973) 622-8401

E-Mail:
mew@saiber.com

WILLIAM F. MADERER +°
DAVID J. D'ALOIA
JEFFREY W. LORELL °
DAVID R. GROSS °
SEAN R. KELLY *°
ARNOLD B. CALMANN °
JOAN M. SCHWAB
JENNINE DISOMMA °
JAMES H. FORTE
VINCENT F. PAPALIA
RANDI SCHILLINGER °°
MICHAEL J. GERAGHTY °
NINO A. COVIELLO °
AGNES I. RYMER °
JAMES H. GIANNINOTO □
NANCY A. WASHINGTON
MARC C. SINGER °°
SETH E. ZUCKERMAN
MARC E. WOLIN ◊
DAVID A. COHEN
JEFFREY SOOS
DANALYNN T. COLAO °

SAMUEL S. SAIBER
1929-2002
GEOFFREY GAULKIN
ALFRED M. WOLIN
Special Counsel
DAVID M. SATZ, JR.
MORTON GOLDFEIN °
EDWIN H. NORDLINGER *
DAVID J. SATZ
HEIDI WEGRYN GROSS
Of Counsel
GUY S. MICHAEL °
ROBERT J. CARROLL
ROBERT B. NUSSBAUM
DEREK TIMMS °
Counsel
° MEMBER OF NJ & NY BARS
◊ MEMBER OF NJ & PA BARS
□ MEMBER OF NJ, NY & CT BARS
* MEMBER OF NY BAR ONLY
+ CERTIFIED BY THE SUPREME
  COURT OF NEW JERSEY AS A CIVIL
  AND CRIMINAL TRIAL ATTORNEY
• CERTIFIED BY THE SUPREME
  COURT OF NEW JERSEY AS A CIVIL
  TRIAL ATTORNEY

MELISSA A. PROVOST
CHRISTINA L. FICHERA °
JENNIFER R. O'CONNOR
COLIN R. ROBINSON °
MARK A. RONEY
CARA L. MIGLIACCIO
JACK CHAN °
DANIELE N. HANKIN °
JEFFREY J. PASEK
JOHN H. NOORLANDER °
ANDREW D. LA FIURA °
LAUREN M. LIMAURO
RINA GRASSOTTI °
UNA YOUNG KANG °
KATHERINE A. ESCANLAR °
JAKOB B. HALPERN
MICHAEL J. GROHS °
SANJAY MANOCHA °
MATTHEW A. CATANIA °
ANTONIO A. GONZALEZ °
AMY K. SMITH °
JANE JHUN °
GERI L. ALBIN

August 6, 2008

**VIA E-FILING & FACSIMILE**

Honorable Mark Falk, U.S.M.J.
United States District Court
U.S. Post Office & Courthouse
1 Federal Square, Room 457
Newark, New Jersey 07102

      Re:    **Jacob Gunvalson, et al. v. PTC Therapeutics, Inc.**
             **Civil Action No. 08-3559 (WJM) (MF)**

Dear Judge Falk:

      This law firm, along with Blackwell Burke P.A., represents plaintiffs Jacob, Cheri and John Gunvalson ("Plaintiffs") in the above matter. We write in response to the letter of defendant PTC Therapeutics, Inc. ("PTC"), dated August 5, 2008. In short, PTC has no right to the unfettered waiver of the protections afforded Jacob Gunvalson by the physician-patient privilege, and PTC has shown no need to speak with Dr. Finkel on an *ex parte* basis, especially as Plaintiffs have already allowed PTC to both view his medical records and speak with him with their counsel present. Further, PTC's allegations of Plaintiffs' counsel's "substantial delay" are both inaccurate and disingenuous. Jacob Gunvalson will die without access to PTC's drug, PTC124. We have moved without delay and PTC's insinuations to the contrary, after stringing Jacob along for two years with promises of PTC124, are deplorable.

      At the outset, PTC has had the Verified Complaint since the day it was filed, July 16. We sent it by fax and mail to two lawyers representing it, including one from the Sidley firm. See Exhibit A. For PTC to imply that it did not have the Complaint until July 23 is simply wrong. Moreover, we have been extremely forthcoming with PTC. The first contact by PTC's counsel was on Wednesday afternoon, July 28, when Mr. Meyer left a voicemail for my colleague, Jakob Halpern, asking only for him to call back. Mr. Halpern, who was out of the office, forwarded the message to me late that afternoon, and as a courtesy, even though Mr. Meyer had expressed no urgency and had not contacted me, I immediately returned his call.



During that call, Mr. Meyer and Mr. Hutchinson (from the Sidley firm) requested medical authorizations for Drs. Parkin, Wong and Finkel. They also requested the opportunity to speak with those doctors. At no time was it mentioned that the conversations were to be on *ex parte* basis. Immediately after the call ended (after 6 p.m.), and despite the lack of a formal written request, I notified our co-counsel in Minnesota, who prepared and forwarded the authorizations to Plaintiffs the next morning, July 29. That day, Plaintiffs executed the releases and sent them to me from Minnesota. Mailing them was necessary because only an original signature is effective to release such records. While Mr. Meyer forwarded me PTC's proposed authorizations on August 1 at 3:00 p.m., I was not in the office and did not receive it then.

Although we received the executed authorizations from Plaintiffs on Monday, August 4, I was unaware that they had arrived because I was before Magistrate Judge Shwartz for several hours on another matter. When I returned, Mr. Meyer had left me a voicemail looking for the authorizations. At no time did he reach out to Mr. Halpern, who was in the office, for assistance. I immediately telephoned Mr. Meyer. After both Mr. Meyer and his secretary failed to answer, I contacted Brian Sharkey, Mr. Meyer's associate. I explained I had just returned from Court, but had the signed authorizations. Mr. Sharkey advised that he would send a messenger to our firm who would arrive at approximately 5:45 p.m. Despite a scheduled off-site meeting at that time, I assured him that Mr. Halpern would be available when the messenger arrived. Further, per Mr. Sharkey's request, I immediately forwarded a PDF copy of the authorizations by email to him. Moreover, in that email, I confirmed that PTC's lawyers could contact the doctors provided that we were also on the phone at the same time. See Exhibit B. It is hard to imagine we "substantially delayed" matters when the oral request was received after the close of business on Wednesday, and the signed releases from Minnesota were in the hands of PTC's counsel on Monday.

More significantly, PTC has no right to interview the doctors on an *ex parte* basis. First, Jacob is not required to waive his right to the physician-patient privilege. N.J.S.A. 2A:84A-22.4 waives the privilege only when the patient's condition is "an element or factor of the claim or defense of the patient." Jacob's condition is not an element of his promissory estoppel or misrepresentation claims, and every case cited by PTC concerns waivers of the privilege in the context of personal injury matters. See Williams v. Rene, 72 F.3d 1096, 1098 (3d Cir. 1995) (negligence, decided under Virgin Islands and not New Jersey law); Stigliano v. Connaught Labs., Inc., 140 N.J. 305, 307 (1995) (medical malpractice); Stempler v. Speidell, 100 N.J. 368, 370 (1985) (medical malpractice); Smith v. Am. Home Prods. Corp., 372 N.J. Super. 105, 109 (Law Div. 2003) (products liability case denying permission for *ex parte* interviews).

Even, *assuming arguendo*, PTC is entitled to some contact with his physicians, PTC misstates New Jersey law. Any authorization under Stempler requires providing reasonable notice of the time and place of proposed *ex parte* interviews to plaintiff's counsel and a description of the anticipated scope of the interview to the physician. 100 N.J. at 382. Further, in certain circumstances, the presence of plaintiff's counsel may be required at such an interview. Id. at 383; see Smith, 372 N.J. at 136. Here, PTC proposed unfettered access to a physician



responsible for overseeing the very study from which Jacob has been excluded right before a *preliminary* hearing, despite its claim that he is independent. *Ex parte* contact would be improper under these circumstances.

Beyond this, though, New Jersey law does not control this issue. Dr. Finkel is licensed and practices in Pennsylvania, and 42 Pa. Cons. Stat § 5929 makes clear that Pennsylvania waives the privilege only in damages actions for personal injury. Additionally, Pennsylvania does not require plaintiffs to permit *ex parte* contact with their physicians. Under Veazey v. Doremus, 103 N.J. 244, 247-48 (1986), Pennsylvania's governmental interests in governing the oversight of its licensed physicians and application of the physician-patient privilege outweigh New Jersey's interest in this matter, especially as Jacob is from Minnesota, and Pennsylvania privilege law applies to protect Jacob's rights.

With all this said, PTC has made no showing why it requires the drastic remedy of an *ex parte* interview of Dr. Finkel,[1] especially when Plaintiffs have consented to allow him to speak with PTC in their counsels' presence. Perhaps more importantly, Dr. Finkel is not the only one who advised Jacob to stay out of the shorter PTC124 trials, which rendered Jacob ineligible to receive the drug now. On two occasions, Claudia Hirawat, PTC's Senior Vice President, said the exact same thing to Jacob's mother and that the decision not to participate would have no negative effects on Jacob. Ms. Hirawat also told Jacob's pediatrician, Dr. Parkin, that Jacob would receive access to PTC124. Given that Dr. Finkel was not the only one who advised the Gunvalsons of this, the issuance of a preliminary injunction does not rise or fall on this one fact.

Plaintiffs' authorizations not only permit PTC access to Jacob's medical records held by all these physicians. See Exhibit C. PTC has also been advised that we are amenable to the physicians' interviews so long as Plaintiffs' counsel are present. PTC has offered no justification why this is insufficient. As such, PTC's thinly-veiled attempt to delay the preliminary injunction hearing is without merit.

Respectfully submitted,

/s/ Marc E. Wolin

MARC E. WOLIN

MEW/jbh
c: Kenneth R. Meyer, Esq. [via email & facsimile]
John G. Hutchinson, Esq. [via email & facsimile]
Mike Hatch, Esq. [via email]

---

[1] Citing Abney v. Amgen, 443 F.3d 540 (6th Cir. 2006), PTC erroneously states that, as a matter of law, clinical investigators are not agents of drug sponsors. Instead, Abney, decided under Kentucky law, determined that the investigators in that matter were not the sponsor's agents only after a detailed fact-specific analysis. Id. at 548-49.

# EXHIBIT A



**Saiber**
ATTORNEYS AT LAW

Saiber LLC
One Gateway Center • 13th Floor
Newark, New Jersey • 07102-5311
Tel 973.622.3333 • Fax 973.622.3349
www.saiber.com

New York | Atlantic City | Point Pleasant Beach

Direct Dial Number:
(973) 622-8401

E-Mail:
mew@saiber.com

WILLIAM F. MADERER +○
DAVID J. D'ALOIA
JEFFREY W. LORELL °
DAVID R. GROSS °
SEAN R. KELLY*○
ARNOLD B. CALMANN °
JOAN M. SCHWAB
JENNINE DISOMMA°
JAMES H. FORTE
VINCENT F. PAPALIA
RANDI SCHILLINGER °◇
MICHAEL J. GERAGHTY °
NINO A. COVIELLO °
AGNES I. RYMER °
JAMES H. GIANNINOTO □
NANCY A. WASHINGTON
MARC C. SINGER *○
SETH E. ZUCKERMAN
MARC E. WOLIN ◇
DAVID A. COHEN
JEFFREY SOOS
DANALYNN T. COLAO °

SAMUEL S. SAIBER
1929-2002
GEOFFREY GAULKIN
ALFRED M. WOLIN
SPECIAL COUNSEL
DAVID M. SATZ, JR.
MORTON GOLDFEIN °
EDWIN H. NORDLINGER*
DAVID J. SATZ
HEIDI WEGRYN GROSS
OF COUNSEL
GUY S. MICHAEL °
ROBERT J. CARROLL
ROBERT B. NUSSBAUM
DEREK TIMMS ◇
COUNSEL
○ MEMBER OF NJ & NY BARS
◇ MEMBER OF NJ & PA BARS
□ MEMBER OF NJ, NY & CT BARS
* MEMBER OF NY BAR ONLY
+ CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A CIVIL
AND CRIMINAL TRIAL ATTORNEY
° CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A CIVIL
TRIAL ATTORNEY

MELISSA A. PROVOST
CHRISTINA L. FICHERA°
JENNIFER R. O'CONNOR
COLIN R. ROBINSON ◇
MARK A. RONEY
CARA L. MIGLIACCIO
JACK CHAN °
DANIELE N. HANKIN °
JEFFREY J. PASEK
JOHN H. NOORLANDER °
ANDREW D. LA FIURA °
LAUREN M. LIMAURO
RINA GRASSOTTI °
UNA YOUNG KANG ◇
KATHERINE A. ESCANLAR °
JAKOB B. HALPERN
MICHAEL J. GROHS °
SANJAY MANOCHA °
MATTHEW A. CATANIA °
ANTONIO A. GONZALEZ °
AMY K. SMITH °
JANE JHUN °
GERI L. ALBIN

July 16, 2008

**VIA FACSIMILE & U.S. MAIL**

David T. Schultz, Esq.
Maslon Edelman Borman & Brad, LLP
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402

Coleen Klasmeier, Esq.
Sidley Austin LLP
1501 K Street, N.W.
Washington, D.C. 20005

Re: **Cheri and John Gunvalson, et al. v. PTC Therapeutics, Inc.**

Dear Mr. Schultz and Ms. Klasmeier:

Enclosed herewith please find a courtesy copy of the Complaint that was filed in the United States District Court for the District of New Jersey in connection with the above-captioned matter.

Very truly yours

MARC E. WOLIN

MEW/sr
Enclosure
c: Michael Hatch, Esq. [via Email - w/encl.]
Ms. Cheri Gunvalson [via Email - w/encl.]

{00533270.DOC}

\*\*\*\*\*\*\*\*\*\*\*\*\* -C    JOURNAL- \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* DATE JUL-16   3 \*\*\*\*\* TIME 17:00 \*\*\*\*\*\*\*

MODE = MEMORY TRANSMISSION          START=JUL-16 16:45        END=JUL-16 17:00

FILE NO.=623

| STN NO. | COMM. | ONE-TOUCH/ABBR NO. | STATION NAME/TEL NO. | PAGES | DURATION |
|---|---|---|---|---|---|
| 001 | OK | ` | 3*16126428399 | 026/026 | 00:07:44 |
| 002 | OK | ` | 3*12027368711 | 026/026 | 00:06:03 |

                                                          -SAIBER LLC         -

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* -          - \*\*\*\*\* -     973 622 3349- \*\*\*\*\*\*\*\*\*

# SAIBER LLC

*ATTORNEYS AT LAW*

ONE GATEWAY CENTER
13TH FLOOR
NEWARK, NEW JERSEY 07102-5311

TELEPHONE (973) 622-3333
TELECOPIER (973) 622-3349

Date Sent:     July 16, 2008

TO:            David T. Schultz, Esq.
COMPANY:       Maslon Edelman Borman & Brand, LLP
FAX NO.:       612-642-8399
PHONE NO.:     612-672-8399

TO:            Coleen Klasmeier, Esq.
COMPANY:       Sidley Austin LLP
FAX NO.:       202-736-8711
PHONE NO.:     202-736-8132

FROM:          Marc E. Wolin

Our Ref. No.:  9747-1

Pages Sent (including this sheet):  **26**

Sent by:       Soraida Rivera

REMARKS:       Please see attached.

---

## CONFIDENTIALITY NOTE

This transmission contains information that is confidential and/or legally privileged. It is intended for use only by the person to whom it is directed. If you have received this telecopy in error, please notify us by telephone immediately so that we can arrange for the return of the original documents to us at no cost to you.

If you do not receive all of the pages indicated above, please call us as soon as possible at (973) 622-3333.

{00533272.DOC}

# EXHIBIT B

## Marc E. Wolin

| | |
|---|---|
| **From:** | Marc E. Wolin |
| **Sent:** | Monday, August 04, 2008 5:27 PM |
| **To:** | 'Brian P. Sharkey' |
| **Cc:** | mhatch@blackwellburke.com; 'krmeyer@pbnlaw.com'; Jakob B. Halpern |
| **Subject:** | RE: Authorizations |
| **Attachments:** | Scan001.PDF |

Brian,
   Per our conversation and your request, attached hereto please find copies in pdf format of the medical authorizations for Dr. Parkin, Dr. Finkel and Dr. Wong. As I indicated to you on the phone, I have an out-of-office meeting and will not be here at 5:45 p.m. However, I have left the authorizations with Jake Halpern, who will be here until 6:30 p.m. Please note that the only authorizations with the original signatures are effective. Consequently, if your messenger is not going to be here by 6:30 p.m., please have him call Jake Halpern, whose direct line is 973-622-8394.

   Additionally, you and I were not on the phone call between Mike Hatch and Ken earlier today. Just so we are all on the same page, it is our positions that defendants and their counsel may not contact the aforementioned doctors on an ex parte basis. However, we are happy to permit discussions with these doctors provided that Mike Hatch and/or I am on the line at the same time.

   Finally, the electronic notification from the Court on July 31, 2008 is not correct. After receiving that notification I spoke with Judge Martini's law clerk who confirmed that the preliminary injunction hearing is on for August 19, and that the pro hac vice motions, for both sides, would be resolved on or before August 19.

Regards,
Marc

---

**From:** Brian P. Sharkey [mailto:bpsharkey@pbnlaw.com]
**Sent:** Monday, August 04, 2008 4:53 PM
**To:** Marc E. Wolin
**Subject:** Authorizations

Marc,
Pursuant to our conversation, I am sending a messenger over to your office to pick up the original authorizations. My understanding is that the messenger should be there at approximately 5:45. I advised the messenger that you are the person to ask for to obtain the documents. I know from our conversation that you have a meeting coming up, so if there is someone else at your firm who the messenger should ask for, please let me know. Also, even though I'm sending a messenger, I would appreciate it if you would still e-mail me the authorizations. Thank you for your help.

Regards, Brian.

```
Brian P. Sharkey, Esq.
Porzio, Bromberg & Newman, P.C.
100 Southgate Parkway
P.O. Box 1997
Morristown, NJ  07962-1997
```

bpsharkey@pbnlaw.com

973 889-4314 (direct)

973 538-5146 (fax)

www.pbnlaw.com

------------------------------------------------------------------------
This electronic communication, including any authorized attachments, contains inform

IRS Circular 230 Disclosure:   To ensure compliance with requirements imposed by the
------------------------------------------------------------------------

# EXHIBIT C

# HIPAA Authorization to Disclose Protected Health Information

Patient Name: Jacob Gunvalson     Date of Birth: 10/05/91
Social Security No.: ~~REDACTED~~

**The following person or entity is authorized to disclose my medical records:**
Name:     Dr. Brenda Wong- Cincinnati Children's Hospital
Address:  3333 Burnet Avenue
          Cincinnati, Ohio 45229-3039

**The disclosure will be made to the following person or entity:**
Name:     Porzio Bromberg and Newman, P.C.
Address:  100 Southgate Parkway
          Morristown, New Jersey 07962

The disclosure is for the purpose of litigation and is at the request of the above named patient.

Dates for medical records to be disclosed: All records for all dates and times including all types listed below.

**The type and amount of information to be used or disclosed:**
- ✓ Patient Progress Notes and Intake Records
- ✓ History, Physical and Physician Progress Notes
- ✓ Medication Records
- ✓ Psychotherapy Records
- ✓ Laboratory Results
- ✓ X-Ray and Imaging Reports
- ✓ Consultation Reports
- ✓ Entire Medical Record with the exception of Mental Health, Drug and Alcohol Treatment Records

Other _____

**I hereby authorize the use or disclosure of information about the above named patient and I understand that:**

1. I may refuse to sign the authorization.
2. I have the right to revoke this authorization in writing.
3. Any revocation will be effective only to the extent that action has not been taken in reliance on my prior authorization.
4. Unless I revoke this authorization, it will expire on the following date: July 31, 2009 or on the following event or condition: _____. If I do not specify an expiration date, event or condition, this authorization will expire in six months.
5. By signing below, I recognize that the protected health information used or disclosed pursuant to this authorization may no longer be protected by federal privacy regulations and may be subject to re-disclosure by the recipient of this disclosure.
6. Treatment or payment will not be based on my signing this authorization.
7. I will receive a copy of this authorization.
8. A photocopy of this authorization is not valid.
9. I specifically do not authorize *ex parte* discussions between my treating physicians and the attorneys at Porzio Bromberg and Newman, P.C.

_Jacob Gunvalson_                         7-31-08
Signature of Patient or Personal Representative       Date

_Self_                                    _Karen Jongquist_
Relationship of Personal Representative to the Patient   Signature of Witness

124151-1

# HIPAA Authorization to Disclose Protected Health Information

Patient Name: Jacob Gunvalson    Date of Birth: 10/05/91
Social Security No.: [REDACTED]

The following person or entity is authorized to disclose my medical records:
Name:    Dr. Richard Finkel
         Children's Hospital of Philadelphia
Address: 34th Street and Civic Center Boulevard
         Philadelphia, PA 19101-4439

**REDACTED**

The disclosure will be made to the following person or entity:
Name:    Porzio, Bromberg and Newman PC
Address: 100 Southgate Parkway
         Morristown, New Jersey 07962

The disclosure is for the purpose of litigation and is at the request of the above named patient.

Dates for medical records to be disclosed: All records for all dates and times including all types listed below.

The type and amount of information to be used or disclosed:
- ✓ Patient Progress Notes and Intake Records
- ✓ History, Physical and Physician Progress Notes
- ✓ Medication Records
- ✓ Psychotherapy Records
- ✓ Laboratory Results
- ✓ X-Ray and Imaging Reports
- ✓ Consultation Reports
- ✓ Entire Medical Record with the exception of Mental Health, Drug and Alcohol Treatment Records

Other _____

I hereby authorize the use or disclosure of information about the above named patient and I understand that:

1. I may refuse to sign the authorization.
2. I have the right to revoke this authorization in writing.
3. Any revocation will be effective only to the extent that action has not been taken in reliance on my prior authorization.
4. Unless I revoke this authorization, it will expire on the following date: July 31, 2009 or on the following event or condition: _____. If I do not specify an expiration date, event or condition, this authorization will expire in six months.
5. By signing below, I recognize that the protected health information used or disclosed pursuant to this authorization may no longer be protected by federal privacy regulations and may be subject to re-disclosure by the recipient of this disclosure.
6. Treatment or payment will not be based on my signing this authorization.
7. I will receive a copy of this authorization.
8. A photocopy of this authorization is not valid.
9. I specifically do not authorize *ex parte* discussions between my treating physicians and the attorneys at Porzio, Bromberg and Newman PC

_[signed] Jacob Gunvalson_                    _7-31-08_
Signature of Patient or Personal Representative    Date

_Self_
Relationship of Personal Representative to the Patient    _[signed] Karen Jongquist_
                                                          Signature of Witness

124151-1

# HIPAA Authorization to Disclose Protected Health Information

Patient Name: Jacob Gunvalson    Date of Birth: 10/05/91
Social Security No.: ~~REDACTED~~

The following person or entity is authorized to disclose my medical records:
Name:    Dr. John Parkins
         Bemidji MeritCare
Address: 1233 34th Street NW
         Bemidji, MN 56701

**REDACTED**

The disclosure will be made to the following person or entity:
Name:    Porzio, Bromberg, and Newman PC
Address: 100 Southgate Parkway
         Morristown, New Jersey 07962

The disclosure is for the purpose of litigation and is at the request of the above named patient.

Dates for medical records to be disclosed: All records for all dates and times including all types listed below.

The type and amount of information to be used or disclosed:
- ✓ Patient Progress Notes and Intake Records
- ✓ History, Physical and Physician Progress Notes
- ✓ Medication Records
- ✓ Psychotherapy Records
- ✓ Laboratory Results
- ✓ X-Ray and Imaging Reports
- ✓ Consultation Reports
- ✓ Entire Medical Record with the exception of Mental Health, Drug and Alcohol Treatment Records

Other _____

I hereby authorize the use or disclosure of information about the above named patient and I understand that:

1. I may refuse to sign the authorization.
2. I have the right to revoke this authorization in writing.
3. Any revocation will be effective only to the extent that action has not been taken in reliance on my prior authorization.
4. Unless I revoke this authorization, it will expire on the following date: July 31, 2009 or on the following event or condition: _____. If I do not specify an expiration date, event or condition, this authorization will expire in six months.
5. By signing below, I recognize that the protected health information used or disclosed pursuant to this authorization may no longer be protected by federal privacy regulations and may be subject to re-disclosure by the recipient of this disclosure.
6. Treatment or payment will not be based on my signing this authorization.
7. I will receive a copy of this authorization.
8. A photocopy of this authorization is not valid.
9. I specifically do not authorize *ex parte* discussions between my treating physicians and the attorneys at Porzio, Bromberg, and Newman PC, PA

X _Jacob Gunvalson_ [signature]        _7-31-08_
Signature of Patient or Personal Representative    Date

_Self_                                  _Karen Jongquist_ [signature]
Relationship of Personal Representative to the Patient    Signature of Witness

124151-1

# HIPAA Authorization to Disclose Protected Health Information

Patient Name: Jacob Gunvalson  Date of Birth: 10/05/91
Social Security No.: ~~REDACTED~~

**The following person or entity is authorized to disclose my medical records:**
Name:    Dr. Brenda Wong- Cincinnati Children's Hospital
Address: 3333 Burnet Avenue
         Cincinnati, Ohio 45229-3039

**REDACTED**

**The disclosure will be made to the following person or entity:**
Name:    Porzio Bromberg and Newman, P.C.
Address: 100 Southgate Parkway
         Morristown, New Jersey 07962

The disclosure is for the purpose of litigation and is at the request of the above named patient.

Dates for medical records to be disclosed: All records for all dates and times including all types listed below.

The type and amount of information to be used or disclosed:
- ✓ Patient Progress Notes and Intake Records
- ✓ History, Physical and Physician Progress Notes
- ✓ Medication Records
- ✓ Psychotherapy Records
- ✓ Laboratory Results
- ✓ X-Ray and Imaging Reports
- ✓ Consultation Reports
- ✓ Entire Medical Record with the exception of Mental Health, Drug and Alcohol Treatment Records

Other _____

I hereby authorize the use or disclosure of information about the above named patient and I understand that:

1. I may refuse to sign the authorization.
2. I have the right to revoke this authorization in writing.
3. Any revocation will be effective only to the extent that action has not been taken in reliance on my prior authorization.
4. Unless I revoke this authorization, it will expire on the following date: July 31, 2009 or on the following event or condition: _____. If I do not specify an expiration date, event or condition, this authorization will expire in six months.
5. By signing below, I recognize that the protected health information used or disclosed pursuant to this authorization may no longer be protected by federal privacy regulations and may be subject to re-disclosure by the recipient of this disclosure.
6. Treatment or payment will not be based on my signing this authorization.
7. I will receive a copy of this authorization.
8. A photocopy of this authorization is not valid.
9. I specifically do not authorize *ex parte* discussions between my treating physicians and the attorneys at Porzio Bromberg and Newman, P.C.

_[signature]_  7-31-08
Signature of Patient or Personal Representative    Date

_Mother_       _[signature] Karen Jongquist_
Relationship of Personal Representative to the Patient    Signature of Witness

124151-1

# HIPAA Authorization to Disclose Protected Health Information

Patient Name:     Jacob Gunvalson            Date of Birth: 10/05/91

Social Security No.: ~~REDACTED~~

The following person or entity is authorized to disclose my medical records:
Name:     Dr. Richard Finkel
Address:     Children's Hospital of Philadelphia
               34th Street and Civic Center Boulevard
               Philadelphia, PA 19101-4439

**REDACTED**

The disclosure will be made to the following person or entity:
Name:     Porzio, Bromberg and Newman PC
Address:     100 Southgate Parkway
               Morristown, New Jersey 07962

The disclosure is for the purpose of litigation and is at the request of the above named patient.

Dates for medical records to be disclosed: All records for all dates and times including all types listed below.

The type and amount of information to be used or disclosed:
- ✓ Patient Progress Notes and Intake Records
- ✓ History, Physical and Physician Progress Notes
- ✓ Medication Records
- ✓ Psychotherapy Records
- ✓ Laboratory Results
- ✓ X-Ray and Imaging Reports
- ✓ Consultation Reports
- ✓ Entire Medical Record with the exception of Mental Health, Drug and Alcohol Treatment Records

Other _____

I hereby authorize the use or disclosure of information about the above named patient and I understand that:

1. I may refuse to sign the authorization.
2. I have the right to revoke this authorization in writing.
3. Any revocation will be effective only to the extent that action has not been taken in reliance on my prior authorization.
4. Unless I revoke this authorization, it will expire on the following date: July 31, 2009 or on the following event or condition: _____. If I do not specify an expiration date, event or condition, this authorization will expire in six months.
5. By signing below, I recognize that the protected health information used or disclosed pursuant to this authorization may no longer be protected by federal privacy regulations and may be subject to re-disclosure by the recipient of this disclosure.
6. Treatment or payment will not be based on my signing this authorization.
7. I will receive a copy of this authorization.
8. A photocopy of this authorization is not valid.
9. I specifically do not authorize *ex parte* discussions between my treating physicians and the attorneys at Porzio, Bromberg and Newman PC

_____      7-31-08
Signature of Patient or Personal Representative      Date

_____      _____
Relationship of Personal Representative to the Patient      Signature of Witness

124151-1

# HIPAA Authorization to Disclose Protected Health Information

Patient Name: Jacob Gunvalson  Date of Birth: 10/05/91
Social Security No.: ~~[REDACTED]~~

The following person or entity is authorized to disclose my medical records:
Name: Dr. John Parkins
       Bemidji MeritCare
Address: 1233 34th Street NW
         Bemidji, MN 56701

**REDACTED**

The disclosure will be made to the following person or entity:
Name: Porzio, Bromberg, and Newman PC
Address: 100 Southgate Parkway
         Morristown, New Jersey 07962

The disclosure is for the purpose of litigation and is at the request of the above named patient.

Dates for medical records to be disclosed: All records for all dates and times including all types listed below.

The type and amount of information to be used or disclosed:
- ✓ Patient Progress Notes and Intake Records
- ✓ History, Physical and Physician Progress Notes
- ✓ Medication Records
- ✓ Psychotherapy Records
- ✓ Laboratory Results
- ✓ X-Ray and Imaging Reports
- ✓ Consultation Reports
- ✓ Entire Medical Record with the exception of Mental Health, Drug and Alcohol Treatment Records

Other _____

I hereby authorize the use or disclosure of information about the above named patient and I understand that:

1. I may refuse to sign the authorization.
2. I have the right to revoke this authorization in writing.
3. Any revocation will be effective only to the extent that action has not been taken in reliance on my prior authorization.
4. Unless I revoke this authorization, it will expire on the following date: July 31, 2009 or on the following event or condition: _____. If I do not specify an expiration date, event or condition, this authorization will expire in six months.
5. By signing below, I recognize that the protected health information used or disclosed pursuant to this authorization may no longer be protected by federal privacy regulations and may be subject to re-disclosure by the recipient of this disclosure.
6. Treatment or payment will not be based on my signing this authorization.
7. I will receive a copy of this authorization.
8. A photocopy of this authorization is not valid.
9. I specifically do not authorize *ex parte* discussions between my treating physicians and the attorneys at Porzio, Bromberg, and Newman PC, PA

_[signature]_  _7-31-08_
Signature of Patient or Personal Representative  Date

_Mother_  _[signature] Karen Jongquist_
Relationship of Personal Representative to the Patient  Signature of Witness

124151-1